IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA JOHNSON GARDNER,<br>    Plaintiff, | )<br>)<br>) |
| VS. | )   2:05-cv-00674-JHH |
| JIMMY A. BELL;<br>EVERALD F. THOMPSON,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

### Factual and Procedural Background

The instant case calls upon this Court to determine whether the complaint of Sandra Johnson Gardner ("Plaintiff") for legal malpractice was filed within the applicable statute of limitations as set out in the Alabama Legal Services Liability Act ("ALSLA"), Ala. Code § 6-5-574 (2005). The underlying case, in which the alleged malpractice was committed, began nearly five years ago when Jimmy A. Bell and Everald F. Thompson ("Defendants") began representing a group of plaintiffs, including Plaintiff. The Defendants filed a putative class action discrimination suit in the United States District Court for the District of Columbia against the Department of Veterans Affairs ("Department"). Shortly after filing, on March 15, 2001, the lawsuit was transferred to this jurisdiction and assigned to the Honorable Judge William M. Acker.

During the course of the lawsuit before Judge Acker, Defendants failed to respond to the April 17, 2002, request for admissions put forth by the Department. On June 7, 2002, the Department filed a document styled "Notice of Default of Plaintiffs' Discovery Obligations and Waiver of Objections to Combined Discovery." The Department took the depositions of Plaintiffs on July 29, 2002, during which each Plaintiff was informed of her failure to respond timely to the request for admissions.[1] Subsequently, on October 21, 2002, the Department moved for summary judgment based upon the admissions (all deemed admitted).[2] On January 3, 2003, Judge Acker granted the motion for summary judgment and dismissed Plaintiff's action based upon his contemporaneous memorandum of opinion set forth as EXHIBIT A.[3] Plaintiff did not file her legal malpractice action based upon alleged negligence of Defendants in handling her lawsuit against the

---

[1] For a more thorough recitation of the facts in the underlying action, see Judge Acker's January 3, 2003 Memorandum Opinion attached hereto as EXHIBT A, which resulted in an order entered the same day granting the Department's motion for summary judgment. In addition, also attached as EXHIBIT B is a copy of the Docket Sheet for Judge Acker's case, and as EXHIBIT C a copy of Plaintiff's Amended Complaint filed in this case on April 26, 2005. Although not necessary to the conclusions reached herein, the Court takes judicial notice of the adjudicative facts set forth in EXHIBITS A and B. See Fed. R. of Evid. 201.

[2] See Fed. R. Civ. P. 36(a); see also Perez v. Miami-Dade County, 297 F.3d 1255, 1263-1264 (11th Cir. 2002), cert. denied, 537 U.S. 1193 (2003).

[3] In an unpublished opinion associated with Plaintiff's appeal of Judge Acker's dismissal of her action against the Department, the Eleventh Circuit Court of Appeals, on March 23, 2004, in case number 03-11578, affirmed the dismissal.

Department until January 7, 2005. Her single page complaint for the alleged legal malpractice was filed in the Circuit Court of Jefferson County on January 7, 2005, and on March 30, 2005, Defendants removed the action to this Court. Complying with this Court's Order of March 31, 2005, Plaintiff filed an amended complaint on April 26, 2005, which more completely set out the details of her claim. (See EXHIBIT C). Now before the Court are the Defendants' respective motions for judgment on the pleadings, filed on May 5, 2005, and May 10, 2005. Also before the Court are Plaintiff's response to the motions and Defendant Bell's reply thereto.[4]

## Standard of Review

A motion for judgment on the pleadings should be granted only "where there are no material facts in dispute and the moving party is entitled to a judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). Unlike a motion for summary judgment, the Court may not consider any "matters outside the pleadings." Fed. R. Civ. P. 12(c). Moreover, such a motion should be denied unless "the plaintiff can prove no set of facts in

---

[4] Pursuant to this Court's May 12, 2005 order, Defendants had until June 20, 2005 to file a reply, at which time their motions were to come under submission. While Defendant Bell filed his reply on May 26, 2005, Defendant Thompson has not, as of the date of this opinion, filed any reply. Having reviewed the briefs and evidence it is clear that no such reply is necessary. The Court now takes the motions under submission.

support of his claim which would entitle him to relief." Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1213 (11th Cir. 2001) (quoting Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). In reviewing the motion, the Court "accept[s] all facts in the complaint as true and 'view[s] them in the light most favorable to the plaintiffs.'" Id.

## Applicable Law and Substantive Analysis

The sole issue presented by Defendants' motions is whether Plaintiff's claim for legal malpractice is barred by the relevant statute of limitations under Alabama law. The ALSLA provides that

> [a]ll legal service liability actions against a legal service provider must be commenced within two years after the *act or omission or failure giving rise to the claim*, and not afterwards; provided, that if the cause of action is not discovered and could not have reasonably been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of the discovery of facts which would reasonably lead to such discovery, whichever is earlier . . .

Ala. Code § 6-5-574(a) (emphasis added). The Alabama Supreme Court cases provide totally inconsistent views of when the two year period should begin to accrue. One view, the "occurrence rule" view, springs from a plain reading of the statute. The other view, the "damage rule" view, springs largely from situations which could result from the occurrence rule approach and which situations could

be viewed as undesirable. The Court will briefly discuss both views.

### Occurrence Rule

A plain reading of the statute leads to the conclusion that the period of limitations should begin to accrue whenever a client's attorney commits the negligent act that serves as the basis for a malpractice action, and "not when the client suffers actual damage." Ex parte Panell, 756 So.2d 862, 868 (Ala. 1999).[5]

Under the occurrence rule, the statute of limitations as regards Plaintiff's malpractice claim began to run when the Defendants committed the negligent act which ultimately led to the dismissal of Plaintiff's case. On page 8 of her amended complaint, Plaintiff alleges the following: "the Defendants fail[ed] to inform the Plaintiff of her need to answer any interrogatories or prepare for disposition [sic], until June 2002, after the [Department of Veterans Affairs] had filed 'Notice of Default'." In addition, on page 9 of her amended complaint,

---

[5] In Panell, the Alabama Supreme Court concluded that the interpretation of § 6-5-574 in Michael v. Beasley, 583 So.2d 245, 252 (Ala. 1991), applying the "damage rule," was incongruous with the plain language of the statute. See 756 So.2d at 865. Even so, in the case then before it, the Panell court declined to apply the "occurrence rule," to that plaintiff, but concluded that the new rule would only apply prospectively. Id. at 869. Following the Panell decision, the Alabama Supreme Court has cited the case as if it were good law supporting the application of the "occurrence rule." See e.g., Seabol, 782 So.2d 212, 214 (Ala. 2000); see also Sirote & Permutt, P.C. v. Bennett, 776 So.2d 40, 45 n. 5 (Ala. 2000) (applying the "damage rule," only because the case then before it was filed prior to the date of the Panell decision."); Dennis v. Northcutt, 887 So.2d 219, 221 (Ala. 2004)("while Northcutt may be correct that the complaint was filed two years after any *act giving rise to it occurred* . . .") (emphasis added).

Plaintiff notes that Judge Acker's memorandum opinion in the underlying case, stated that "[t]he Department relies exclusively on the Employees' [Rule 36(b)] default admissions as its basis for summary judgment."[6]

As alleged by Plaintiff and as is obvious from Judge Acker's opinion, and the affirmance of that opinion by the Eleventh Circuit Court of Appeals heretofore mentioned, Defendants' failure to respond to the requests for admission resulted in the adverse judgment against Plaintiff. Thus, under the occurrence rule, the act that is important for the commencement of the two year statute of limitations would be Defendants' failure to respond which occurred by June 4, 2002. Under the occurrence rule, two years from that date, June 4, 2004, Plaintiff's claim expired under the ALSLA because she did not actually file her claim for another six months.

It is worth noting that the "savings clause" of the ALSLA is not applicable in Plaintiff's case if the occurrence rule is being applied. The "savings clause" provides "if the cause of action is not discovered and could not reasonably be discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which

---

[6] Judge Acker concluded that "The Department's (BVAMC's) motion for summary judgment will be granted on the basis of Rule 36(b), and the attempt to obtain an extension of discovery by fraud on the Court."

would reasonably lead to such discovery." Ala. Code § 6-5-574(a).  Plaintiff discovered Defendants' negligence sometime in June 2002, when she became aware of the Department of Veterans Affairs filing a Notice of Default. Accordingly, the "savings clause" only provided Plaintiff six months from the end of June 2002.  Because Plaintiff did not file the instant action until January 7, 2005, the "savings clause," provides her no relief under the occurrence rule.

## Damage Rule

Under the damage rule, the statute of limitations as regards Plaintiff's malpractice claim began to run only "from the date of the accrual of a cause of action and not from the date of the occurrence of the act or omission."  Michael v. Beasley, 583 So.2d 245, 252 (Ala. 1991).[7]  There is certainly Alabama case law other than Michael indicating that the damage rule is still good law.  See Rutledge v. Freeman, No. 2030086, 2004 WL 1908316, at *3 (Ala. Civ. App. Aug. 27, 2004) (recognizing the existing conflict, but declining to resolve it because it was unnecessary in the case before it); see also Ex parte Stonebrook Development, L.L.C., 854 So.2d 584, 591 (Ala. 2003) (noting that "Panell was a plurality opinion; its rationale was approved by only three of the nine members of this

---

[7] This was the starting point under the statute which was replaced by the ALSLA.  See Cofield v. Smith, 495 So.2d 61, 62 (Ala. 1986).

Court."). If the Court were to apply the damage rule which requires an "injury" from the "act or occurrence," Plaintiff's malpractice claim would still be barred by the two year period set out in Ala. Code § 6-5-574(a). Judge Acker dismissed her claim (the ultimate "injury") on January 3, 2003, and Plaintiff's malpractice complaint was not filed until January 7, 2005. Again the "savings clause" would not benefit Plaintiff for surely she discovered, or could have discovered by the exercise of reasonable diligence, the injury implicit by the January 3, 2003 dismissal by or before July 6, 2004, so that the January 7, 2005 filing was outside the six month "savings clause" period.

## Conclusion

Because the act or occurrence, which ultimately led to the dismissal of Plaintiff's claims took place in June of 2002, because Plaintiff alleges she became aware of that act or occurrence in June of 2002 and because Plaintiff did not file this malpractice action until January 7, 2005, Plaintiff's malpractice claim against Defendant is barred when applying the occurrence rule to the statute of limitations set out in the ALSLA. Because Plaintiff sustained injury or damage on January 3, 2003, with the dismissal of her action, and because Plaintiff did not filed her malpractice action until January 7, 2005, Plaintiff's malpractice claim against Defendants is barred when applying the damage rule to the statute of limitations

set out in the ALSLA. Accordingly, taking the facts as set forth in the complaint as true, and viewing them in the light most favorable to the Plaintiff, Defendants' motions for judgment on the pleadings are due to be GRANTED.[8]

A separate final judgment in favor of Defendants will be entered.

DONE this the 13th day of June 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[8] Since the ultimate conclusion in the case is the same under either the occurrence rule cases or the damage rule cases, the court does not view this as a situation where it should certify a question of law to the Alabama Supreme Court under Ala. R. App. P. 18.